USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2147 NOEMI ALVAREZ-CRESPO and LUIS FELIPE RIVERA-ROYAL, Plaintiffs, Appellees, v. MATEO OLAVARRIA-RIVERA and ANTONIA OLAVARRIA, Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jos Antonio Fust , U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ _____________________ Jos A. Cestero-Rodr guez, with whom Jos A. Andr u-Fuentes, _________________________ ______________________ was on brief for appellants. Nydia Gonz lez-Ortiz, with whom Emiliano Irizarry-Castro and ____________________ ________________________ Puerto Rico Legal Services, was on brief for appellees. __________________________ ____________________ May 26, 1993 ____________________ TORRUELLA, Circuit Judge. This dispute involves the ______________ ownership of a house in Camuy, Puerto Rico. After a jury found for appellees, the district court denied appellants' alternative motions for judgment as a matter of law and for a new trial. We affirm the district court's judgment. BACKGROUND BACKGROUND __________ The parties agree to the following facts for the purposes of this appeal. Appellants, Mateo and Antonia Olavarr a, are Puerto Rican retirees living in Miami. Appellees, Luis Felipe Rivera and Noem Alvarez, are appellants' grandnephew and grandniece. In 1985, appellants visited appellees in Puerto Rico. Luis and Noem were married with four children at the time, but have since divorced. Troubled by Luis' deplorable living conditions, Mateo offered to buy land to build a home for Luis and his family. Soon after, Luis found a parcel of land, and Mateo bought it for $18,000. Mateo took title in his own name to prevent Luis from selling it. Learning on a later visit that Luis had not begun construction of the house, Mateo opened an account at a local bank with $12,500, to help him get started. Mateo later made additional deposits. Antonia sent Mateo $30,000 from their joint account for one of these deposits. Ultimately, the account reached the sum of $51,000, which Luis used to build the home. When Mateo later learned that Luis planned to divorce Noem , he attempted to sell the house. Luis and Noem then sued Mateo and Antonia, claiming ownership. At trial, a jury found -2- for appellees, and the court denied appellants' motions for judgment as a matter of law and for a new trial. DISCUSSION DISCUSSION __________ As always, we must afford the jury verdict considerable deference. We will overturn a district court's denial of a motion for judgment as a matter of law only if we find that a rational jury could reach only one conclusion. See Pearson v. ___ _______ John Hancock Mut. Life Ins. Co., 979 F.2d 254, 255 (1st Cir. _________________________________ 1992). Similarly, we review a district court's denial of a new trial only for abuse of discretion. PH Group Ltd. v. Birch, 985 _____________ _____ F.2d 649, 653 (1st Cir. 1993). Puerto Rico is a civil law jurisdiction, ruled by a civil code. Pursuant to its provisions in P.R. Laws Ann. tit. 31, 3672 (1991), no spouse may donate community property without the written consent of the other spouse, other than property meant for personal or family use that individuals would commonly transfer given their economic situation. Section 3672 provides in relevant part: Notwithstanding [exceptions not relevant here], neither of the two spouses may _______ donate, alienate or bind for a consideration the personal or real property of the community property without the written consent of the other _______________ spouse, excepting things for personal or family use in accordance with the social or economic standing of both spouses. Any disposal or administration act made with respect to said property by either ______ of the spouses in violation of this and any other section of this title shall not affect the other spouse or his heirs. -3- (emphasis added). Appellants argue that according to 3672, the jury reached an improper verdict because appellees presented no evidence that Antonia consented to or ratified the donation of the money in writing. However, 3672 applies only when one spouse makes a donation. The statute states that neither spouse _______ may donate community property without the written consent of the other spouse. It requires that when an individual's rights may be affected by her spouse's donation, she must consent in writing ________ to the transaction. It says nothing of such a requirement when both spouses donate movable property. The legislature enacted ____ 3672 to make both spouses equal co-administrators of community property, and to protect individuals from depletion of community assets by their spouses. Silva Ramos v. Registrador, 107 P.R. ___________ ___________ Dec. 240 (1978) (translation at 9). When both spouses jointly ____ give a gift of movable property, they literally co-administer that property, and thus neither party can claim that the other depleted the community assets.1 In the present case, the district court found it ____________________ 1 While the Puerto Rico Supreme Court has never directly addressed the issue of whether written consent is necessary when both spouses together give a gift of movable property, it has stated in dicta that 3672 requires the written consent of both spouses for the disposition of real and personal community property. See Silva Ramos, 107 P.R. Dec. 240 (translation at 9). ___ ___________ This suggests that even if both spouses make the donation, they both must provide written consent. We find, however, that the dicta contradicts the express language of the statute and the purposes behind it. Thus, absent a direct mandate on point, we cannot conclude that when a spouse violates the statute, the same spouse can later hide behind it to avoid an already completed donation. -4- reasonable for a jury to conclude that both Mateo and Antonia knowingly gave Luis and Noem a gift of money. We find no clear error in this ruling. The record contained testimony that Mateo told Luis that he was giving him money as a gift to build a home, and that he put that money in a joint checking account in both of their names. (Transcript of Trial Proceedings at 33, 38). Luis then used that money to build a house. According to the record, both Mateo and Antonia knew of the joint bank account. Id. at ___ 85. Indeed, Antonia sent money to her husband for the account, and she testified that she knew that the money was for a house on their land in Camuy. Id. at 80, 85. Furthermore, appellants ___ never withdrew money from the joint account, and appellees controlled the check book. Id. at 43. Appellants never ___ requested that appellees explain or justify their use of the money in that account, and appellees kept all of the account's canceled checks. Id. at 45. Finally, appellants never claimed ___ ownership of the house before Luis and Noem 's divorce, and appellees had the keys to the house, an indicia of ownership; appellants did not. Id. at 49-50. ___ From this evidence, a rational jury could conclude that both Mateo and Antonia gave appellees money as a gift to build a house, and the weight of the evidence did not contradict this conclusion. Thus, the district court properly denied appellants' alternative motions. Affirmed. ________ -5-